IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONALD CHRISTIAN, TERESA COLE, <br><br> Plaintiffs, <br><br> v. <br><br> PITTSBURG POLICE DEPARTMENT, et al., <br><br> Defendants. | No. C 09-1770 MMC (PR) <br><br> **ORDER OF DISMISSAL; DIRECTIONS TO CLERK** |

On April 22, 2009, the above-titled civil rights action was opened when Ronald Christian, a California prisoner incarcerated at Kern Valley State Prison and proceeding pro se, sent to the court a civil rights complaint naming himself and Teresa Cole as plaintiffs.[1] By separate order filed concurrently herewith, Ronald Christian ("plaintiff") has been granted leave to proceed in forma pauperis.

Plaintiff alleges that in 1991, the house he shared with Teresa Cole was unlawfully searched by members of the Pittsburg Police Department, resulting in plaintiff's criminal conviction. He seeks monetary damages.

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.

---

[1] Teresa Cole has not signed the complaint, as required by Rule 11 of the Federal Rules of Civil Procedure, and plaintiff Ronald Christian, who is not an attorney, may not sign the complaint for her or otherwise represent her herein. See Iannaccone v. Law, 142 F.3d 553, 558 (2d Cir. 1998) (holding pro se litigant may not appear on behalf of or represent another person). Consequently, Teresa Cole is hereby DISMISSED as a plaintiff from this action. If Teresa Cole wishes to bring her claims in federal court, she may do so by filing a new complaint in a separate action, in accordance with the Federal Rules of Civil Procedure.

See 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. See id. § 1915A(b)(1),(2). Pro se pleadings must, however, be liberally construed. See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988).

Plaintiff's complaint is subject to dismissal under the United States Supreme Court's holding in Heck v. Humphrey, 512 U.S. 477 (1994). Under Heck, in order to state a claim for damages for an allegedly unconstitutional conviction or term of imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a plaintiff asserting a violation of 42 U.S.C. § 1983 must prove that the conviction or sentence has been reversed or declared invalid. See id. at 486-87. A claim for damages arising from a conviction or sentence that has not been so invalidated is not cognizable under § 1983. See id.

Here, plaintiff does not allege the criminal conviction that resulted from the asserted unlawful search and seizure he seeks to challenge has either been reversed or declared invalid. Further, plaintiff states in his application to proceed in forma pauperis that he has been incarcerated for the past eighteen years, which leads to the inference that plaintiff's current conviction resulted from the 1991 search and seizure. Accordingly, the above-titled action is hereby DISMISSED without prejudice under Heck.

The Clerk shall close the file and mail a copy of this order to both of the named plaintiffs herein.

IT IS SO ORDERED.

DATED: June 9, 2009

*Maxine M. Chesney*
MAXINE M. CHESNEY
United States District Judge

2